Warren DAVIS, James Hamilton, Jr., Edward J. Andexler, International Union, United Automobile, Aerospace and Agricultural Implement Workers Union of America (UAW), Local 91, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Plaintiffs,

v.

VILLAGE OF NEWBURGH HEIGHTS, Ronald Sulik, James F. Lucas, Ohio Crankshaft and Camshaft Division, Park-Ohio Industries, Inc., Defendants.

No. C83–4351.

United States District Court, N.D. Ohio, E.D.

Feb. 27, 1986.

William A. LeFaiver, Reid, Johnson, Downes, Andrachik & Webster, Cleveland, Ohio, for Village of Newburgh Heights, Ronald Sulik and James F. Lucas.

Eben G. Crawford, John T. Meredith, Squire, Sanders & Dempsey, Cleveland, Ohio, for Ohio Crankshaft and Camshaft Div., Park-Ohio Industries, Inc.

William P. Bobulsky, Betty Grdina, Liviola, Bobulsky & Gervelis, Ashtabula, Ohio, for plaintiffs.

MEMORANDUM OF OPINION AND ORDER DECLARING THE VILLAGE OF NEWBURGH HEIGHTS ORDINANCE 1968–9 UNCONSTITUTIONAL

KRENZLER, District Judge.

The plaintiffs filed this action in three counts against the defendants. The defendant Ohio Crankshaft filed a counterclaim.

On February 12, 1986, this case was settled as to all of the claims and the counterclaim with the exception of Count III of the complaint.

Count III of the complaint sought declaratory judgment that the Village of Newburgh Heights Ordinance 1968–9 was unconstitutional. On February 12, 1986, this Court orally ruled that the Village of Newburgh Heights Ordinance 1968–9 was unconstitutional and the Court now renders its written opinion.

The relevant portions of the Ordinance for consideration are Sections 1 through 7, as follows:

Section 1: REGULATION OF PICKET-ING.

No person shall participate in any picket line, picketing or other assemblage upon any public highway or other public place in the Village, in connection with any strike or other controversy, dispute or disagreement between employers and employees, except in accordance with the provisions of this ordinance.

Section 2: BLOCKING ENTRANCE OR OBSTRUCTING HIGHWAYS.

No picket line, picketing or other assemblage shall be permitted upon that portion of any public highway or other public place, immediately in front of any entrance to any building, grounds or other property, nor shall the portion of the highway be barricaded, obstructed or interfered with in any manner as will prevent or interfere with ingress to or egress from the premises adjacent to the highway or other public place.

The term "entrance", as used in this ordinance includes any foot patch, railway track, right of way or other means of ingress to or egress from the premises.

Section 3: NUMBER AND CONDUCT OF PICKETS.

In case of any picket line, picketing or other assemblage established in connection with any strike, controversy or dispute, the number of pickets or participants shall not exceed six in number at any given entrance to the property in question, one-half of such number to be located on each side of the entrance. All participants in the picket line, picketing or assemblage shall conduct themselves in a quiet and orderly manner, and shall not indulge in any noise or disturbance or in abusive or threatening language or conduct.

Section 4: IDENTITY TO BE GIVEN.

Each member of the picket line, picketing group or other assemblage, when so requested by the Mayor or by any other police officer, shall state his name, address, regular employment and place of employment, and upon failure or refusal to furnish such information, in whole or in part, shall not be permitted to continue in the picket line, picketing group or other assemblage.

Section 5: ENFORCEMENT.

In the event that more persons become a part of the picket line, picketing group or other assemblage than permitted in Section 3, the number shall be immediately reduced to the number specified in Section 3, upon order to such effect given by the Mayor or by any member of the police department, and upon failure to comply therewith the order shall be immediately enforced by the police department.

Section 6: PENALTY.

Any person violating any of the provisions of this ordinance shall be fined not more than fifty dollars ($50.00). Each day's continued violation shall constitute a separate offense.

Section 7: EMERGENCY.

This ordinance is hereby declared to be an emergency measure necessary for the preservation of the public peace, health, safety and welfare and upon its passage by the affirmative vote of two-thirds of the members elected to the Council of the Village of Newburgh Heights shall go into immediate effect.

The plaintiffs allege that this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. The plaintiffs allege that they have been and will continue to be deprived of their constitutional rights under Article VI and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

The plaintiffs allege that this Ordinance is unconstitutional on its face and by virtue of its applications to the plaintiffs.

The plaintiffs allege that Ordinance 1968–9 violates the First and Fourteenth Amendments in that it is overbroad and penalizes the plaintiffs and members of the plaintiffs' union for exercising their lawful rights to freedom of speech, assembly and association.

## SECTION 1—REGULATION OF PICKETING

The plaintiffs allege that Section 1 of the Ordinance is unconstitutional because Ordinance 1968–9 regulates picketing in regard to labor disputes and is contrary to the equal protection clause of the Fourteenth Amendment. The basis of the plaintiffs' argument is that the Ordinance only regulates labor picketing and does not regulate general picketing.

It is well recognized that peaceful labor picketing is an activity protected by the First Amendment to the United States Constitution. *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

Because Ordinance 1968–9 only deals with labor picketing, it violates the equal protection clause of the Fourth Amendment to the United States Constitution and is therefore unconstitutional. *See Police Department of Chicago v. Mosley*, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

## SECTION 3—NUMBER AND CONDUCT OF PICKETS

The first paragraph of Section 3 states that the number of pickets or participants shall not exceed six in number at any given entrance to the property in question, one-half of such number to be located on each side of the entrance.

This provision, too, is unconstitutional. For an ordinance to state a fixed number of pickets which shall apply under any and all circumstances is arbitrary, unreasonable, and unconstitutional. There may be instances when six pickets are too many and there may be instances when more than six pickets is reasonable.

Persons who want to picket have a constitutional right to picket so long as they do not interfere with free ingress and egress to the place being picketed. The correct or proper number of pickets should be decided on a case-by-case basis, depending on all of the facts and circumstances. It should not arbitrarily be decided by a fixed number stated in the ordinance.

An ordinance that has a stated number of pickets is unduly restrictive and there is no legitimate state interest in such a regulation.

## SECTION 4—IDENTITY TO BE GIVEN

This section provides that any member in a picket line when requested by the mayor or any other police officer shall state his name, address, regular employment and place of employment. This section of the ordinance permitting the mayor or any police officer to ask for this information for no stated reason is unreasonable. If there is probable cause to believe that there has been a violation of law and that a person violated the law, police officers may arrest that person. However, to allow a mayor or a police officer to ask pickets their names, addresses and places of employment for no stated reason provides a chilling effect on lawful picketing. This section is vague and overbroad and is therefore unconstitutional.

For all of the foregoing reasons, Ordinance 1968–9 is hereby declared null and void and unconstitutional.

Judgment is rendered for the plaintiffs on this issue.

IT IS SO ORDERED.